UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| LEICESTER B. STOVELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 99-0695 (CKK/AK) |
| v. | ) | |
| | ) | **FILED** |
| HARVEY PITT, Chairman, Securities and | ) | |
| Exchange Commission, | ) | **OCT 1 0 2001** |
| | ) | |
| Defendant. | ) | NANCY MAYER WHITTINGTON, CLERK |
| | ) | U.S. DISTRICT COURT |

## MEMORANDUM ORDER

Pending before the Court is Plaintiff's Motion for Additional Depositions and Extension

of Discovery ("Motion") [54], Defendant's opposition thereto ("Opposition") [55], and Plaintiff's

reply ("Reply") [56].  Plaintiff, having completed the depositions allowed by the trial court, seeks

leave of this Court to take four additional depositions and accordingly, a brief extension of

discovery to allow the depositions to take place.[1]  Defendant opposes additional depositions, on

grounds that such depositions will serve "no purpose other than to obtain unreasonably

cumulative or duplicative testimony." *See* Opposition at 1, citing Fed. R. Civ. P. 26(b)(2).

Under Fed. R. Civ. P. 26(b)(2), the court may limit discovery on its own initiative, if it

---

[1] At a May 16, 2000 status conference, the trial court indicated that Plaintiff's case, which
alleges discrimination on the basis of race, and retaliation, is not a complex one and that twelve
depositions would be "too many." *See* May 16, 2000 Status Conference Transcript at 9-10 (attached
as Exhibit 1 to the Opposition). The trial court thus permitted Plaintiff leave to select seven
deponents from the twelve witnesses Plaintiff listed in the Joint Report pursuant to the Court's Order
dated March 23, 2000.




determines that: (i) the discovery sought is unreasonably cumulative or duplicative, . . .; (ii) the

party seeking discovery has had ample opportunity by discovery in the action to obtain the

information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely

benefit, . . ."

Plaintiff seeks to depose: 1) Richard Humes, an attorney from the Office of General

Counsel; 2) Susan Yashar, an attorney from the Office of General Counsel; 3) Wilson Butler,

Plaintiff's former supervisor in the Securities and Exchange Commission's ("Commission")

Office of Filings and Information Services ("OFIS"); and 4) Arthur Levitt, former Chairman of

the Commission.[2] Plaintiff contends that Mr. Humes and Ms. Yashar are necessary witnesses

because they were present at meetings during which Plaintiff's Equal Employment Opportunity

claims were discussed, and additionally they assisted in putting together the bona fides for

Plaintiff's reassignment.  Memorandum of Points and Authorities in Support of Motion

("Memorandum") at 4-5.

Defendant argues that Plaintiff has already obtained testimony from four witnesses who

were at those meetings: Ms. Mahoney, Mr. McConnell, Ms. Ruderfer, and Mr. Raisher.  *See*

Opposition at 7.  Thus, the testimony by Mr. Humes and Ms. Yashar would be "almost entirely

duplicative of the testimony plaintiff has already obtained from the managers to whom Mr.

Humes [and Ms. Yashar] gave legal advice." *See id.* at 5, 7-8.  Defendant further alleges that

neither Mr. Humes nor Ms. Yashar acted "as a decision maker" and they did not provide "any

---

[2]Richard Humes and Susan Yashar were not included on the list of twelve witnesses, although Defendant did voluntarily produce, from their 1993-1994 calendars, excerpts which concerned Plaintiff. *See* Opposition at 2, n. 3.  At the May 16, 2000 status conference, the trial court specifically disallowed Plaintiff's request to depose Arthur Levitt. *See* May 16, 2000 Status Hearing Transcript at 3-4.

specialized knowledge or leadership concerning plaintiff's reassignment." *Id.* at 7-8. Plaintiff

counters that "while some of [the Humes and Yashar] deposition testimony may relate to

meetings about which other deposition witnesses have already testified, there was no testimony

provided regarding other 'reassignment implementation' meetings that may provide additional

evidence as to the legitimacy of reassigning Mr. Stovell to the Virginia facilities outside of the

SEC headquarters in Washington, D.C." *See* Reply at 3.

Similarly, Plaintiff contends that it is necessary to also depose Mr. Wilson Butler because

he provides a "critical link to understanding the bases for [Plaintiff's] reassignment, [and] how

and why the reassignment was implemented' and he can testify "about the job responsibilities for

the position and how [Mr.Butler] chose those responsibilities for [Plaintiff]." *See* Memorandum

at 6. Mr. Butler's deposition will "[go] to the heart of [the] retaliation claim" because "Mr.

Butler participated in the implementation of [Plaintiff's] reassignment; he participated in

meetings regarding the reassignment separate [from] those already the subject of deposition

testimony; and he can testify about the legitimacy of the position to which Mr. Stovell was

reassigned." *See* Reply at 2. Defendant does not contest Mr. Butler's knowledge of Plaintiff's

reassignment; instead, Defendant alleges that "[t]here has been no testimony that Mr. Butler

attended any meetings when it was decided that plaintiff would be reassigned . . ." *See*

Opposition at 8.

This Court finds that Plaintiff has demonstrated good cause to obtain information

regarding his reassignment, which relates to Plaintiff's retaliation claim, and thus, Plaintiff should

be permitted to conduct additional discovery. The Court, however, disagrees with Plaintiff's

contention that Mr. Humes, Ms. Yashar and Mr. Butler, who are knowledgeable about his

reassignment, are <u>all</u> necessary witnesses.  To allow Plaintiff to depose more than one of these three witnesses would lead to cumulative and duplicative testimony and the burden of such proposed discovery would outweigh its benefit.  Therefore, this Court will grant Plaintiff leave to take one additional deposition, with Plaintiff to select the deponent from: 1) Richard Humes; 2) Susan Yashar; or 3) Wilson Butler.  This Court declines to order the [selected] deponent to produce documents in their possession or control that relate to the Plaintiff.  If Mr. Wilson Butler is selected, however, the Court directs Defendant to instruct Mr. Butler to conduct a search of his calendar for the relevant time period, consistent with the searches conducted by other deponents. *See generally* Opposition at 2, n. 3.

Plaintiff also seeks leave to depose Arthur Levitt, claiming that he was a "key player" in the decision-making involving Mr. Stovell, his EEO claims and his eventual reassignment, and that Mr. Levitt "had several discussions with Colleen Mahoney about Mr. Stovell and one meeting with [Ms.] Ruderfer regarding [Plaintiffs's] EEO claims and possible settlement." *See* Memorandum at 5.  Defendant argues that Plaintiff has provided no evidence that Mr. Levitt was a "key-player" in the decision-making process and further, Plaintiff has a significant amount of testimony concerning these meetings from Ms. Mahoney and Ms. Ruderfer themselves; thus, Mr. Levitt's testimony would be duplicative.  Opposition at 8.  The Court agrees that Plaintiff has not demonstrated good cause for this Court to grant Plaintiff leave to depose Mr. Levitt.

Accordingly, it is this _10th_ day of October, 2001, hereby

**ORDERED** that Plaintiff's Motion is **Granted in part** and **Denied in part.** Plaintiff is allowed leave to depose one additional witness, to be selected from: 1) Richard Humes; 2) Susan Yashar; or 3) Wilson Butler.  If Wilson Butler is selected, Defendant will instruct him to

undertake a search of his calendar for the relevant time period. Plaintiff's request that the Court order production of any additional notes and documents in the control of Defendant or any deponent is denied. Plaintiff will have twenty days from the date of this Order in which to conduct the deposition.

ALAN KAY
UNITED STATES MAGISTRATE JUDGE